**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** | **CRIM. NO. 5:23-09-KKC-MAS** |
| **Plaintiff,** |  |
| **V.** | **ORDER** |
| **MICHAEL BREGENZER,** |  |
| **Defendants.** |  |

**\*\*\* \*\*\* \*\*\***

This matter is before the Court on the motion for preliminary judgment of forfeiture (R. 326) against Defendant Michael Bregenzer filed by the United States. The Court has ordered a conference call with the parties to set a date for a hearing on the motion.

Prior to the forfeiture hearing, the Court advises the parties of the following relevant law so that they may plan the presentation of arguments and evidence accordingly:

- For any person convicted of a federal healthcare offense, the Court must order the person to forfeit property that "constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense." 18 U.S.C. § 982(a)(7).

- Any person convicted of drug offenses must forfeit "any proceeds the person obtained, directly or indirectly, as the result of such violation," 21 U.S.C. § 853(a)(1), and "any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of" the violation. 21 U.S.C. § 853(a)(2).

- In cases involving "a widespread business fraud scheme," everything can be attributable to the health care fraud. *United States v. Jankowski*, No. 23-1404, 2024 WL 4554690, at \*7 (6th Cir. Oct. 23, 2024). "Even supposedly legitimate business income" is "subject to forfeiture as the 'indirect' result of a conspiracy to commit fraud, as those proceeds likely would not have been

earned had the business been clean." *Id*. There is no "carve-out of 'legitimate' revenue in the forfeiture of health care fraud proceeds." *Id*.

- "In the context of a criminal forfeiture proceeding under section 982, an individual 'obtains' proceeds 'indirectly' through a corporation when the individual so extensively controls or dominates the corporation and its assets that money paid to the corporation was effectively under the control of the individual. Factors that we think are likely to be relevant to this question include the individual's ownership interest; the level of control he exercised over the company; his authority to direct the disposition of corporate assets and the degree to which he exercised that authority; and the use of corporate assets for his personal expenses." *United States v. Peters*, 732 F.3d 93, 103–04 (2d Cir. 2013) (cleaned up).

This 23rd day of April, 2026.

Signed By:

*Karen K. Caldwell*

**United States District Judge**

2