**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**CRIMINAL ACTION NO. 5:23-cr-9-KKC-MAS**

**UNITED STATES OF AMERICA**                                              **PLAINTIFF**

**v.**        **UNITED STATES' POST-HEARING SUBMISSION OF CITATIONS**

**MICHAEL BREGENZER**
                                                                          **DEFENDANT**

In accordance with this Court's directive at the June 12, 2026, evidentiary hearing and its order after the hearing, R. 386, the Government provides the following additional citations related to two issues:

- **Citations supporting that Bregenzer worked with and controlled Kentucky Addiction Centers/New Age Vitality prior to October 2017:[1]**

    o ECF 252 at 24-26 (testimony from Kristi Berry outlining that she met Mr. Bregenzer in 2016, that Bregenzer "bought into the practice," and that "[b]etween 2016 and 2020" Bregenzer held an approximately "40 percent" ownership interest and made an annual salary of between $400,000 and $500,000).

    o ECF 252 at 214-215 (Berry noting that "in all honesty [the acquisition of NAV by KAC] occurred in 2016, but nothing legally got done until later").

    o ECF 252 at 216 (Berry testifying that she "joined with [Bregenzer and others] in 2016 and was working with them down [in the KAC] Winchester [location]" because "[t]hat's when Dr. Alzadon became medical director" and clarifying and

---

[1] Most of the citations below place Bregenzer's ownership and management of KAC and NAV at some point in approximately 2016, which is well before the October 2017 date of the charged conspiracy tied to the forfeiture amount at issue here.

1

emphasizing "[t]hat was 2016. Of course, that was late 2016, so it could have been 2017").

- **Citations supporting the proposition that Bregenzer, as the largest shareholder of and an individual with control over KAC "obtained," and is responsible for forfeiting, fraudulent proceeds paid to KAC:[2]**

    o *United States v. Young*, 108 F.4th 1307, 1326 (11th Cir. 2024) (surveying post-*Honeycutt* cases across federal appeals courts, including in the Sixth Circuit, and concluding that co-conspirators who possess or control the funds at issue may be required to forfeit the full amount of proceeds obtained in the conspiracy, even if they did not receive the "ultimate benefit" of all of the funds, and noting among other things, that "the forfeiture statute 'asks only whether the defendant obtained the money, not whether he chose to reinvest it in the conspiracy's overhead costs, saved it for a rainy day, or spent it [personally]'" (quoting *United States v. Bradley*, 969 F.3d 585, 589 (6th Cir. 2020)).

    o *United States v. Peters*, 732 F.3d 93, 102 (2d Cir. 2013) (a "defendant should not be permitted to shield himself from liability behind the . . . corporate form" of companies that he controlled, reasoning that the forfeiture statute makes the defendant liable for property obtained "directly or indirectly," and concluding that the defendant is liable in forfeiture for proceeds obtained by a corporation that he dominates or controls).

---

[2] Most of the cases cited herein concern forfeiture awards for the full amount of fraud proceeds acquired through an account controlled by a defendant. Here, the Government only seeks a forfeiture award for a lesser amount: namely, for 40 percent of the amount of the proceeds touching the account, which matches Bregenzer's approximate ownership interest in KAC.

o *United States v. Watson*, No. 23-CR-00082, 2025 WL 510814, at *20 (E.D.N.Y. Feb. 16, 2025) (reasoning that under *Honeycutt* "an individual obtains proceeds indirectly through a corporation when the individual so extensively controls or dominates the corporation and its assets that money paid to the corporation was effectively under the control of the individual" (quoting *Peters*, 732 F.3d at 103-04)).

o *United States v. Davis*, No. 3:20-CR-0575-X, 2024 WL 3891834, at *3 & n.22 (N.D. Tex. Aug. 21, 2024) (rejecting defendant's argument that he never "personally received" proceeds of fraud scheme and holding defendant liable for fraud proceeds sent to a corporation that he controlled and collecting additional authorities in support of this position), *aff'd*, No. 23-10202, 2026 WL 511147 (5th Cir. Feb. 24, 2026).

Respectfully submitted,

JASON PARMAN
FIRST ASSISTANT UNITED STATES ATTORNEY

LORNDA S. LARYEA
CHIEF, FRAUD SECTION

By:    *s/Sarah Edwards*
       Dermot Lynch
       Sarah Edwards
       Samad Pardesi
       Trial Attorneys
       U.S. Department of Justice
       Criminal Division, Fraud Section
       1400 New York Avenue, NW
       Washington, DC 20005
       202-913-4782
       sarah.edwards@usdoj.gov

## CERTIFICATE OF SERVICE

On June 19, 2026, I electronically filed this notice through the ECF system, which will send the notice of electronic filing to all counsel of record.

/s/ Sarah Edwards
Trial Attorney