**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION AT LEXINGTON**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CRIMINAL NO. 5:23-09-KKC-MAS-3** |
| **Plaintiff,** | |
| **v.** | **ORDER** |
| **MICHAEL BREGENZER,** | |
| **Defendant.** | |

This matter is before the Court on defendant Michael Bregenzer's motion (R. 392) for leave to file a response to the government's post-hearing submission of citations. For the following reasons, the Court will deny the motion.

Defendant Bregenzer was the CEO and majority owner of Kentucky Addiction Centers (KAC), a group of opioid addiction treatment clinics in Kentucky. Codefendant Barbie Vanhoose was a billing manager at KAC. Codefendant Dr. Jose Alzadon was a licensed medical doctor who worked at KAC. A jury found the defendants guilty of one count of conspiring to commit health care fraud, eight counts of healthcare fraud, and one count of conspiring to unlawfully distribute a controlled substance through the use of another person's DEA registration number.

After trial and before Bregenzer's sentencing hearing, the government filed a motion for preliminary judgment of forfeiture requesting a forfeiture money judgment in the amount of $325,152.44 against Bregenzer. It arrives at this figure by calculating some of the amounts that KAC received in payments for three kinds of fraudulent billing practices ($812,881.09) and multiplying that number by 40 percent, which was Bregenzer's ownership interest in KAC. Bregenzer objected to that calculation. The Court conducted an evidentiary hearing at which the government presented the testimony of one witness, and Bregenzer presented no evidence.

After the hearing, the Court ordered both parties to file, within 7 days, supplemental citations to the record and case law that would support their positions. (R. 386, Minute Entry.) The United States filed a post-hearing supplement. Bregenzer did not, and he provides no reason for his failure to abide by the Court's order.

He now moves for leave to instead file a response to the government's post-hearing supplement. He presents only one argument: "[T]he Government's filing includes additional legal authorities and factual characterizations concerning Mr. Bregenzer's alleged ownership, control, and forfeiture liability that were not fully addressed during the June 12, 2026 evidentiary hearing." The Court is uncertain as to what this means.

The Court ordered the parties to file supplements with citations to the case record and to case law "not previously identified at [the forfeiture] hearing." Thus, to the extent Bregenzer argues that the government's supplement contains factual or legal citations not identified at the hearing, this is what the Court asked the parties to do. The government did so. Bregenzer did not.

To the extent that Bregenzer argues that the citations to the record and legal authority set forth in the government's post-hearing supplement involve issues not raised before the hearing, this is not accurate. The government's supplement identifies facts and law regarding two issues: Bregenzer's control over KAC and whether Bregenzer is responsible for forfeiting amounts paid to KAC. Prior to the hearing, the Court issued an order (R. 370) setting forth relevant law regarding both issues so that the parties could plan their presentation of arguments and evidence accordingly. Thus, the government's supplement does not address any issues that were not raised before the forfeiture hearing.

For these reasons, the Court hereby ORDERS that Bregenzer's motion (R. 392) to file a response to the government's post-hearing submission of citations is DENIED.

July 2, 2026

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY