# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**
**CRIMINAL ACTION NO. 5:23-cr-00009**

*ELECTRONICALLY FILED*

UNITED STATES OF AMERICA PLAINTIFF

v.

MICHAEL BREGENZER DEFENDANT

---

**DEFENDANT MICHAEL BREGENZER'S PROPOSED JURY INSTRUCTIONS**

* * * * *

Defendant Michael Bregenzer hereby submits the following proposed jury instructions. Unless otherwise noted, the following instructions are taken directly from the Sixth Circuit Pattern Jury Instructions.[1] Defendant respectfully reserves the right to withdraw or submit additional instructions if the evidence at the trial so warrants or as the Court otherwise permits.

Respectfully Submitted,
CHAPMAN LAW GROUP

Dated: February 17, 2025

/s/ *Ronald W. Chapman II*
Ronald W. Chapman II, Esq., LL.M.
MI Bar No. P71379
1441 West Long Lake Road, Ste. 310
Troy, MI 48098
T: (248) 644-6326
F: (248) 644-6324
RWChapman@ChapmanLawGroup.com
*Counsel for Defendant Bregenzer*

[1] The corresponding Pattern Instruction number is listed at the top of each proposed instruction.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**
**CRIMINAL ACTION NO. 5:23-cr-00009**

*ELECTRONICALLY FILED*

UNITED STATES OF AMERICA PLAINTIFF

v.

MICHAEL BREGENZER DEFENDANT

---

**DEFENDANT MICHAEL BREGENZER'S PROPOSED JURY INSTRUCTIONS**

* * * * *

**1.01 Introduction**

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every criminal case. Then I will explain the elements, or parts, of the crimes that the defendant is accused of committing.

[Then I will explain the defendant's position(s).]

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

## 1.02 Jurors' Duties

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

**1.03 Presumption of Innocence Burden of Proof Reasonable Doubt**

As you know, the defendant has pleaded not guilty to the crimes charged in the Indictment. The Indictment is not any evidence at all of guilt. It is just the formal way that the government tells the defendant what crime he is accused of committing. It does not even raise any suspicion of guilt.

Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish. You must find a defendant not guilty unless the government convinces you beyond a reasonable doubt that a defendant is guilty.

The government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved a defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

## 1.04 Evidence Defined

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath to not let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

### 1.05 Consideration of Evidence

You are to consider only the evidence in the case. You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, unless otherwise instructed. Any inferences you make must be reasonable and must be based on the evidence in the case.

The existence of an inference does not change or shift the burden of proof from the government to the defendant.

## 1.06 Direct and Circumstantial Evidence

Now, some of you may have heard the terms “direct evidence” and “circumstantial evidence.”

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

**1.07A Credibility of Witnesses**

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

(A) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening and may make a mistake.

(B) Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D) Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(E) Ask yourself if the witness had any relationship to the government or a defendant, or anything to gain or lose from the case that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F) Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something [or failed to say or do something] at any other time that is inconsistent with what the witness said while testifying. If you believe

that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G) And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

**1.07B Credibility of Witnesses – Law Enforcement Officers (If needed)**

You have heard the testimony of a federal agent/law enforcement officer. The fact that a witness is employed as a federal agent or law enforcement officer does not mean that their testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness. You must decide, after reviewing all the evidence, whether you believe the testimony of the federal agent or law enforcement witness and how much weight, if any, it deserves.

Formatted: Space After: 0 pt

## 1.08 Number of Witnesses

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

## 1.09 Lawyers' Objections

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## 2.01 Introduction

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crimes that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crimes charged in the Indictment. Your job is limited to deciding whether the government has proved the crimes charged.

Also keep in mind that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved the defendant guilty. Do not let the possible guilt of others influence your decision in any way.

**2.01A Separate Consideration Single Defendant Charged with Multiple Crimes**

The defendant has been charged with several crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges

## 3.01A Conspiracy to Commit an Offense – Basic Elements

**Count 1** of the indictment accuses the defendants of a conspiracy to commit the crime of health care fraud in violation of federal law.

**Count 14** of the indictment accuses the defendants of conspiracy to distribute controlled substances in violation of federal law.

It is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal.

A conspiracy is a kind of criminal partnership. For you to find any one of the defendants guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

(A) First, that two or more persons conspired, or agreed, to commit the crime of health care fraud and the unlawful distribution of controlled substances. Both these crimes will be defined for you momentarily.

(B) Second, that the defendants knew of the conspiracy and its goals of defrauding health insurers and unlawfully distributing controlled substances.

(C) Third, that the defendants joined the conspiracy with the intent that at least one of conspirators engage in conduct that satisfies the elements of health care fraud and the unlawful distribution of controlled substances.

(D) And fourth, that a member of the conspiracy did one of the overt acts described in the indictment for the purpose of advancing or helping the conspiracy.

You must be convinced that the government has proved all of these elements beyond a reasonable doubt for the individual conspiracy charges in order to find the defendants guilty of those conspiracy charges.

**3.02 Agreement**

With regard to the first element of **Counts 1** and **14**—a criminal agreement—the government must prove that two or more persons conspired, or agreed, to cooperate with each other to commit the crimes of health care fraud or unlawful distribution of controlled substances.

This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proved an agreement. But without more they are not enough.

What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the crime of health care fraud or unlawful distribution of controlled substances. This is essential.

An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

If you are convinced that there was a criminal agreement, then you must decide whether the government has proved that the defendant knowingly and voluntarily joined that agreement. To convict the defendant, the government must prove that the defendant knew the conspiracy's main purpose, and that the defendant voluntarily joined it intending to help advance or achieve its goals.

This does not require proof that the defendant knew everything about the conspiracy, or everyone else involved, or that the defendant was a member of it from the very beginning. Nor does it require proof that the defendants played a major role in the conspiracy, or that their connection to it was substantial. A slight role or connection may be enough.

But proof that the defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if the defendant approved of what was happening or did not object to it. Similarly, just because the defendant may have done something that happened to help a conspiracy does not necessarily make the defendant a conspirator. These are all things that you may consider in deciding whether the government has proved that the defendant joined a conspiracy. But without more they are not enough.

The defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that the defendant knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

**2.02, 14.02C Definition of the Crime Instructions Related to Count 14: Unlawful Dispensing or Distribution of Controlled Substances by a Practitioner, 21 U.S.C. § 841(a)(1).**[2]

Remember, to find the Defendants guilty of **Count 14** alleging Conspiracy to Unlawfully Distribute Controlled Substances, you must find that two or more persons conspired, or agreed, to commit the crime of the unlawful distribution of controlled substances.

Here, the government has accused the Defendants of unlawfully distributing Suboxone, which is a controlled substance. For you to find the Defendants guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A) The Defendants knowingly or intentionally dispensed or distributed Suboxone;

(B) The Defendants knew at the time of dispensing or distribution that the substance was a controlled substance;

(C) The Defendants knew or intended that their dispensing or distribution was unauthorized, that is to say their dispensing or distribution of the Suboxone was not for a legitimate medical purpose and in the usual course of professional practice.

Now I will give you more detailed instructions on some of these terms.

The term "dispense" means to deliver a controlled substance to an ultimate user or research subject by, or pursuant to the lawful order of, a practitioner, including the prescribing and administering of a controlled substance and the packaging, labeling or compounding necessary to prepare the substance for such delivery. The term "dispenser" means a practitioner who so delivers a controlled substance to an ultimate user or research subject.

[2] **Source:** *Ruan v. United States*, 142 S. Ct. 2370, 2377-78 (2022) ("Applying §841's "knowingly or intentionally" mens rea to the authorization clause thus "helps advance the purpose of scienter, for it helps to separate wrongful from innocent acts."" (citations omitted)). *United States v. Lubetsky*, Case #: 1:21-cr-20485-DMM-1, Doc. 54 (S.D. Fla. 2023); *United States v. Hansen,* Case #: 2:21-cr-00063-DLB-CJS-1 (E.D. Ky. 2024).

The term “distribute” means to deliver (other than by administering or dispensing) a controlled substance. The term “distributor” means a person who so delivers a controlled substance. The term “distribute” includes the actual, constructive, or attempted transfer of a controlled substance. The term “distribute” includes the sale of a controlled substance.

The phrase “a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice” means acting in accordance with generally recognized and accepted professional standards in the field in which the individual practices. In considering whether the defendant acted for a legitimate medical purpose in the usual course of professional practice, you may consider all of the defendant’s actions and the circumstances surrounding them.

The term “practitioner” means a physician licensed, registered, or otherwise permitted by the United States or the jurisdiction in which he practices, to distribute or dispense a controlled substance in the course of professional practice.

I caution you that the Defendants are not on trial for medical malpractice and are not charged with acting negligently with respect to the care of their patients. It would be possible for you to find that the Defendants did not practice with the generally recognized and accepted professional standards in the field in which they practice and acquit them of all charges. You must make your own determination, considering all the evidence presented, as to whether the Defendants knowingly and intentionally dispensed or distributed the controlled substance not for a legitimate medical purpose. Knowingly and intentionally is a subjective standard. That means you consider whether each particular Defendant, based on the evidence presented, acted knowingly and intentionally.

If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of Conspiracy to Unlawfully Distribute Controlled Substances charged in Count 14.

**2.02, 10.05 Instructions Related to Counts 2-11: Health Care Fraud,
18 U.S.C. § 1347**

**Counts 2-11** of the Indictment charges Defendants with health care fraud in violation of 18 U.S.C. § 1347. For you to find the Defendants guilty of health care fraud, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A) **First**, that the Defendants knowingly and willfully executed a scheme to: (a) defraud any health care benefit program, or (b) obtain, by means of false or fraudulent pretenses, representations, or promises money owned by, or in the control of, a health care benefit program in connection with the delivery of or payment for health care benefits, items, or services.

(B) **Second**, that the scheme related to a material fact or included a material misrepresentation or concealment of a material fact.

(C) **Third**, that the defendant had the intent to defraud.

Now I will give you more detailed instructions on some of these terms.

A "health care benefit program" is any public or private plan or contract, affecting interstate commerce, under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item, or service for which payment may be made under the plan or contract. A health care program affects commerce if the health care program had any impact on the movement of any money, goods, services, or persons from one state to another. The government need only prove that the health care program itself either engaged in interstate commerce or that its activity affected interstate commerce to any degree.

A "scheme to defraud" includes any plan or course of action by which someone intends to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises.

The term “false or fraudulent pretenses, representations, or promises” means any false statements or assertions that concern a material aspect of the matter in question, that were either known to be untrue when made or made with reckless indifference to their truth. They include actual, direct false statements as well as half-truths and the knowing concealment of material facts. An act is done “knowingly and willfully” if it is done voluntarily and intentionally, and not because of mistake or some other innocent reason.

A misrepresentation or concealment is “material” if it has a natural tendency to influence or is capable of influencing the decision of a person of ordinary prudence and comprehension.

To act with “intent to defraud” means to act with an intent to deceive and cheat for the purpose of either causing a financial loss to another or bringing about a financial gain to oneself.

The government need not prove that the defendant had actual knowledge of the statute or specific intent to commit a violation of the statute, that the health care benefit program suffered any financial loss, that the defendant engaged in interstate commerce, or that the acts of the defendant affected interstate commerce.

If you are convinced that the government has proved all of the elements, say so by returning a guilty verdict on the charge. If you have a reasonable doubt about any of the elements, then you must find the defendant not guilty of this charge.

**10.04 FRAUD – GOOD FAITH DEFENSE**[3]

(1)The good faith of the Defendants is a complete defense to the charges of health care fraud contained in Counts 2 through 11 of the indictment because good faith on the part of the defendant is, simply, inconsistent with an intent to defraud.

(2)A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under this statute merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an honest error in management does not rise to the level of criminal conduct.

(3)A defendant does not act in good faith if, even though he honestly holds a certain opinion or belief, that defendant also knowingly makes false or fraudulent pretenses, representations, or promises to others.

(4) While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

(5) The burden of proving good faith does not rest with the defendant because the defendant does not have any obligation to prove anything in this case. It is the government's burden to prove to you, beyond a reasonable doubt, that the defendant acted with an intent to defraud.

(6) If the evidence in this case leaves you with a reasonable doubt as to whether the Defendants acted with an intent to defraud or in good faith, you must acquit the defendant.

[3] Source: According to the Pattern Jury Instructions for the Sixth Circuit, the good faith instruction should be given if there is any evidence at all to support the charge. *United States v. McGuire*, 744 F.2d 1197, 1201 (6th Cir. 1984), *quoting United States v. Curry*, 681 F.2d 406, 416 (5th Cir. 1982).

**MEDICARE, MEDICAID, AND BCBS CIVIL RULES AND REGULATIONS**[4]

(1) You have heard testimony regarding civil rules and regulations for Medicare, Medicaid, and other health care benefit programs, as well as regarding ethical standards and standards of care for providing services.

(2) I caution you that a violation of civil statutes, rules, regulations, ethical standards, or standards of care is not a crime. This is not a civil case. The Defendants are not on trial for civil violations.

(3) Even if you find that the claims to Medicare, Medicaid, or other health care benefit programs were not allowed under the applicable statute, rules, and regulations, the Defendants cannot be convicted of a crime simply for violating civil statutes, rules, regulations, ethical standards, and standards of care that apply to their conduct.

(4) However, evidence related to the nature of Medicare, Medicaid, or other health care benefit programs' rules and regulations, ethical standards, and standards of care may be considered by you in determining whether the Defendants acted with criminal intent—that is whether they acted knowingly, willfully, and with the intent to defraud Medicare, Medicaid, or other health care benefit programs.

---

[4] Source: In *United States v. Mahmud,* 541 Fed. Appx. 630, 634 (6th Cir. 2013), the Sixth Circuit found cautionary instructions on how to treat Medicare regulations in determining health care fraud appropriate; and in fact, could constitute plain error to exclude such instructions. (citing *United States v. Stefan*, 784 F.2d 1093, 1099 (11th Cir. 1986), where the Eleventh Circuit upheld an instruction that the jury could not consider violations of a civil banking statute as "violations of the criminal law,"…).

**15.04 Aggravated Identity Theft (18 U.S.C. § 1028A(a)(1))**

**Counts 12 and 13** of the indictment charges the Defendants with transferring, possessing, and using a means of identification of another person during and in relation to a felony violation listed in the statute.

For you to find the Defendants guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A) First: That the Defendants committed the felony violation of Health Care Fraud in violation of 18 U.S.C. § 1347 charged in Counts 2 through 11. The violations charged in Counts 2 through 11 are a felony violation listed in the statute.

(B) Second: That the Defendants knowingly transferred, possessed, and used a means of identification of another person without lawful authority.

(C) Third: That the Defendants knew the means of identification belonged to another person.

(D) Fourth: That the transfer, possession, and use was during and in relation to the felony of Health Care Fraud in violation of 18 U.S.C. § 1347 charged in Counts 2 through 11.

Now I will give you more detailed instructions on some of these terms.

(A) The term "means of identification" is defined as any name or number that may be used to identify a specific individual, including any – name, social security number, date of birth, or official government-issued driver's license or identification number.

(B) The terms "transfer, possess, and use" are defined as follows.

(i) The term "transfer" includes selecting an identification document, false identification document, and placing or directing the placement of such document on an online location where it is available to others

(ii) The term "possession" means that the Defendants had direct, physical control over the identification, and knew that he had control of it.[5]

(iii) The term "use" means active employment of the means of identification during and in relation to the crime of Health Care Fraud in violation of 18 U.S.C. § 1347 charged in Counts 2 through 11 . "Active employment" includes activities such as displaying or bartering. "Use" also includes a person's reference to a means of identification in his possession for the purpose of helping to commit the crime of Health Care Fraud in violation of 18 U.S.C. § 1347 charged in Counts 2 through 11.

[5] Taken from Sixth Circuit Pattern Jury Instruction 2.10 Actual and Constructive Possession.

An act is done "knowingly" if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason. The government is not required to prove that the Defendants knew that their actions violated any particular provision of law, or even knew that their actions violated the law at all. Ignorance of the law is not a defense to this crime.

The phrase "without lawful authority" does not require that the Defendants stole the means of identification information from another person but includes the Defendants obtaining that information from another person with that person's permission or consent.

The transfer, possession, and use of a means of identification is "during and in relation to" the felony of Health Care Fraud in violation of 18 U.S.C. § 1347 charged in Counts 2 through 11 if the transfer, possession, and use of the means of identification was at the crux of the underlying felony. Stated another way, the transfer, possession, and use must have been a key mover in the criminality. In cases where the underlying crime involves fraud or deceit, the means of identification must have been transferred, possessed, and used in a manner that is fraudulent or deceptive.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the Defendants not guilty of this charge.

## 2.04 Dates in the Indictment

Next, I want to say a word about the dates mentioned in the Indictment. The Indictment charges that the crimes happened “on or about” certain dates. The government does not have to prove that the crime happened on those exact dates. But the government must prove that the crime happened reasonably close to those dates.

## 2.08 Inferring Required Mental State

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did or did not do, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

**2.12 Use of the Word "And" in the Indictment**

Although the Indictment charges that the statutes were violated by acts that are connected by the word "and," it is sufficient if the evidence establishes a violation of the statute by any one of the acts charged. Of course, this must be proved beyond a reasonable doubt.[6]

[6] Additionally, the Defendant respectfully requests that if the Court incorporates the Indictment into the instructions, that the Court change the word "and" in the Indictment to "or."

## 7.01 Introduction

That concludes the part of my instructions explaining the elements of the crimes [and the defendant's position]. Next, I will explain some rules that you must use in considering some of the testimony and evidence.

**7.02A Defendant's Election Not to Testify or Present Evidence [IF APPLICABLE]**

A defendant has an absolute right not to testify [or present evidence]. The fact that he did not testify [or present any evidence] cannot be considered by you in any way. Do not even discuss it in your deliberations.

Remember that it is up to the government to prove a defendant guilty beyond a reasonable doubt. It is not up to either defendant to prove that he is innocent.

## 7.03 Opinion Testimony [IF APPLICABLE]

You have heard the testimony of [], who testified as opinion witnesses.

You do not have to accept their opinions. In deciding how much weight to give those opinions, you should consider each witness's qualification and how he or she reached his or her conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

**7.03A Witness Testifying to Both Facts and Opinions [IF APPLICABLE]**

You have also heard the testimony of [ ], who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept [Witness'] opinions. In deciding how much weight to give them, you should consider the witness's qualifications and how he/she reached his/her conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

### 7.12 Summaries Not Admitted in Evidence

During the trial you have seen counsel use summaries, charts, drawings, calculations, or similar material which were offered to assist in the presentation and understanding of the evidence.

This material is not itself evidence and must not be considered as proof of any facts.

### 7.12A Secondary-Evidence Summaries Admitted in Evidence[7]

During the trial you have seen or heard summary evidence in the form of summaries, charts, drawings, testimony, and similar material. These summaries were admitted in evidence, in addition to the material they summarize, because they may assist you in understanding the evidence that has been presented.

But the summaries themselves are not evidence of the material they summarize and are only as valid and reliable as the underlying material they summarize.

---

[7] Source: Final Instructions at 31, *United States v. Stanton*, No. 6:21-cr-19-REW-HAI (filed E.D. Ky. Aug. 31, 2022) (ECF 241) (attached as Exhibit A); *United States v. Siefert*, No. 21-2DLB-CJS (E.D. Ky.) (filed Mar. 1, 2023) (ECF 184) (attached as Exhibit E).

### 7.13 Other Acts of Defendant [IF APPLICABLE]

You have heard testimony that the Defendants committed crimes, acts, or wrongs other than the ones charged in the Indictment. If you find the defendant did those crimes, acts, or wrongs, you can consider the evidence only as it relates to the government's claim on the defendant's intent, motive, opportunity, preparation, plan, knowledge, absence of mistake, or absence of accident. You must not consider it for any other purpose.

Remember that the defendant is on trial here only for the crimes charged in the Indictment, not for the other acts. Do not return a guilty verdict unless the government proves the crime charged in the Indictment beyond a reasonable doubt.

## 7.17 Transcriptions of Recordings [IF NEEDED]

You have heard some recorded conversations that were received in evidence, and you were given some written transcripts of the recordings.

Keep in mind that the transcripts are not evidence. They were shown to you only as a guide to help you follow what was being said. The recording itself is the evidence. If you noticed any differences between what you heard on the recording and what you read in the transcript, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the recording, you must ignore the transcript as far as those parts are concerned.

## 7.20 Statement by Defendants

You have heard evidence that the Defendants made a statement in which the government claims he admitted certain facts. It is for you to decide whether the defendant made that statement, and if so, how much weight it deserves. In making these decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant allegedly made it.

You may not convict the defendant solely upon his own uncorroborated statement or admission.

## 8.01 Introduction

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

If you want to see any of the exhibits that were admitted in evidence, you may send me a message, and those exhibits will be provided to you.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

## 8.02 Research / Investigation / Outside Communications

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, app, or website such as Facebook, LinkedIn, YouTube, Twitter, Instagram, or Snapchat to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important, indeed required, that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you not be influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

## 8.03 Unanimous Verdict

Your verdict, whether it is guilty or not guilty, must be unanimous as to each count.

To find the defendant guilty of a particular count, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty of a particular count, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous as to each count.

## 8.04 Duty to Deliberate

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved each defendant’s guilt beyond a reasonable doubt.

**8.05 Punishment**

If you decide that the government has proved a defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved a defendant guilty beyond a reasonable doubt.

**8.06 Verdict Form**

I have prepared a verdict form that you should use to record your verdict.

If you decide that the government has proved the defendant guilty of the charge in the Indictment beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.

If you decide that the government has not proved the defendant guilty of the charge beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign and write the date on the form, in the spaces indicated. Once you have completed, signed, and dated the Verdict Form, alert the CSO that you have a verdict.

# 8.08 Verdict Limited to Charges Against The Defendant

Formatted: Heading 1

Remember that the defendant is only on trial for the particular crimes charged in the Indictment. Your job is limited to deciding whether the government has proved the crimes charged.

Also remember that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved the defendant guilty. Do not let the possible guilt of others influence your decision in any way.

## 8.09 Court Has No Opinion

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved a defendant guilty beyond a reasonable doubt.

## 8.10 Juror Notes

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case. I allowed you to take notes during the parties' opening statements and closing arguments. As I told you before, the lawyers' statements and arguments are not evidence. The same is true for your notes based on those statements and arguments. Your decision should be based only on the evidence, as I have defined it in these instructions, and nothing else.

Respectfully Submitted,
CHAPMAN LAW GROUP

Dated: February 17, 2025

/s/ *Ronald W. Chapman II*

Ronald W. Chapman II, Esq., LL.M.
MI Bar No. P71379
1441 West Long Lake Road, Ste. 310
Troy, MI 48098
T: (248) 644-6326
F: (248) 644-6324
RWChapman@ChapmanLawGroup.com
*Counsel for Defendant Bregenzer*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 17, 2025, the forgoing document was sent to the clerk of court via email and a copy to the following:

Dermot Lynch
Sarah Edwards
Samad Pardesi
Trial Attorneys
United States Department of Justice
Criminal Division, Fraud Section
1400 New York Ave., NW
Washington, D.C. 20005
Dermot.Lynch@usdoj.gov
Sarah.Edwards@usdoj.gov
Abdus.Samad.Pardesi@usdoj.gov

/s/ *Ronald W. Chapman II*
Ronald W. Chapman II, Esq., LL.M.