**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

CRIMINAL ACTION NO. 5:23-cr-00009-KKC-MAS

UNITED STATES OF AMERICA PLAINTIFF,

v. **DEFENDANT MICHAEL BREGENZER'S UNOPPOSED MOTION FOR A THIRTY-DAY EXTENSION OF SELF-REPORT DATE**

MICHAEL BREGENZER DEFENDANT.

---

Defendant Michael Bregenzer, through counsel, moves the Court to extend his self-report date for thirty (30) days, from November 3, 2026 to December 3, 2026, on the existing conditions of release. Counsel for the United States has been consulted, and the United States does not object to the requested extension. The extension would give the Court time to decide his fully briefed Motion for Bond Pending Appeal (ECF No. 417) before he must surrender. Good cause supports the request. *See* LCrR 47.1(b). A proposed order is submitted with this motion. *See* LCrR 47.1(f).

**BACKGROUND**

1. On July 24, 2026, the Court sentenced Mr. Bregenzer and ordered him "to remain on bond and on conditions of release previously imposed to self-report on or before 2:00 p.m. on September 29, 2026 at the facility designated by the Bureau of Prisons." ECF No. 402, PageID # 6224. The Judgment was entered on July 29, 2026. ECF No. 405, PageID # 6229–36. Mr. Bregenzer timely appealed. ECF No. 407, PageID # 6240–41. The appeal is docketed as *United States v. Bregenzer*, No. 26-5667 (6th Cir.).

2. On August 13, 2026, Mr. Bregenzer moved for release pending appeal under 18 U.S.C. § 3143(b) and Federal Rule of Criminal Procedure 38(b)(1). ECF No. 417, PageID # 6305–23; *see also* ECF No. 418-1, PageID # 6326 (proposed order). The United States opposed the motion on August 27, 2026. ECF No. 419. The government expressly "is not opposing Bregenzer's motion on the basis that Bregenzer is a flight risk or a danger to the community." *Id.*, PageID # 6331 n.1.

3. On September 3, 2026, "[s]o that the Court may fully consider Bregenzer's motion prior to his surrender date," the Court extended the surrender date to November 3, 2026, and directed Mr. Bregenzer to self-report by 2:00 PM that day. ECF No. 421, PageID # 6457.

4. Mr. Bregenzer filed his reply on September 9, 2026. ECF No. 422, PageID # 6458–71. The motion has been fully briefed and submitted since then. *See* LCrR 47.1(h). It remains pending. The current report date is one week away.

5. Mr. Bregenzer has remained on release throughout this case, through trial, verdict, and sentencing, and has complied with all conditions of his release. *See* ECF No. 417, PageID # 6308; ECF No. 402, PageID # 6224.

6. In the Sixth Circuit, the original briefing schedule set Mr. Bregenzer's principal brief for October 21, 2026. 6th Cir. No. 26-5667, Doc. 15. On October 19, 2026, Mr. Bregenzer filed a first, unopposed motion for a thirty-day extension. *Id.*, Doc. 16. The Clerk granted the motion on October 20, 2026. *Id.*, Doc. 17. The appellant's brief is now due November 20, 2026, and the appellee's brief is due December 21, 2026. *Id.*

## ARGUMENT

### A. The reason the Court gave for the first extension still applies.

The Court moved the report date once already, for one stated reason: so that it could "fully consider" the bond motion "prior to [Mr. Bregenzer's] surrender date." ECF No. 421, PageID # 6457. That reason has not changed. The motion is pending, and the report date is one week away. If Mr. Bregenzer must surrender before the Court rules, the calendar will have decided much of the relief he seeks. Section 3143(b) asks whether he should be released pending appeal, and Rule 38(b)(1) provides that "[i]f the defendant is released pending appeal, the court must stay a sentence of imprisonment." Fed. R. Crim. P. 38(b)(1). A thirty-day extension preserves the status quo and gives the Court time to decide the motion on its merits.

### B. A thirty-day extension on existing conditions poses no risk.

The first statutory requirement for release pending appeal is that the defendant is "not likely to flee or pose a danger to the safety of any other person or the community." 18 U.S.C. § 3143(b)(1)(A). The government does not contest that requirement. ECF No. 419, PageID # 6331 n.1. Mr. Bregenzer has complied with his conditions for years, and the Court continued his release at sentencing. ECF No. 402, PageID # 6224; ECF No. 417, PageID # 6308. Nothing about a thirty-day extension changes that.

### C. The Sixth Circuit briefing extension supports this request.

The recent appellate briefing extension does not suggest delay. First, it was Mr. Bregenzer's first request, the government did not oppose it, and the Sixth Circuit granted it the next day. 6th Cir. No. 26-5667, Docs. 16, 17. A routine, unopposed scheduling extension is not evidence that the appeal is taken "for the purpose of delay." 18 U.S.C. § 3143(b)(1)(B).

Second, the release question and the merits briefing run on separate tracks, and the release track cannot move until this Court rules. After a judgment of conviction, the court of appeals reviews "a district-court order regarding release." Fed. R. App. P. 9(b). That review is "subject to Rule 9(a)," *id.*, which requires the district court to "state in writing, or orally on the record, the reasons for an order regarding the release or detention of a defendant," Fed. R. App. P. 9(a)(1). The district-court record on release will not be complete until this Court decides ECF No. 417. Until then, neither party can present the release question to the Sixth Circuit.

Third, the extension highlights the need for a ruling before surrender. With the appellant's brief due November 20, 2026 and the appellee's brief due December 21, 2026, the appeal will not be submitted for some time. If Mr. Bregenzer surrenders before the Court rules, he may serve a substantial part of his sentence before either court decides whether the law entitles him to release while his appeal is pending.

**D. Mr. Bregenzer requests a ruling before November 3, 2026.**

Because the United States does not object, Mr. Bregenzer respectfully asks the Court to resolve this motion before the current November 3, 2026 report date.

**CONCLUSION**

WHEREFORE, Defendant Michael Bregenzer respectfully requests that the Court (1) GRANT this motion; (2) EXTEND his self-report date thirty (30) days, from November 3, 2026 to 2:00 PM on December 3, 2026; and (3) ORDER that all existing conditions of release remain in effect.

Respectfully submitted,

Dated: October 28, 2026

s/ *Ronald W. Chapman II*
Ronald W. Chapman II, Esq., LL.M.
MI Bar No. P73179
(Admitted Pro Hac Vice)
456 E. Milwaukee Avenue
Detroit, Michigan 48202
Telephone: (346) 242-7626
ron@chapmanandassociates.com

*Counsel for Defendant Michael Bregenzer*

**CERTIFICATE OF SERVICE**

I certify that on October 28, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of the filing to all counsel of record.

s/ *Ronald W. Chapman II*
Ronald W. Chapman II, Esq., LL.M.